No. 26-5050

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

FRITZ EMMANUEL LESLY MIOT; RUDOLPH CIVIL; MARLENE GAIL NOBLE; MARICA MERLINE LAGUERRE; and VILBRUN DORSAINVIL,

*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP, President of the United States of America; UNITED STATES OF AMERICA; THE DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, Secretary of Homeland Security,

*Defendants-Appellants.*

*On Appeal from the United States District Court for the District of Columbia, No. 1:25-cv-2471 (Reyes, J.)*

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO MOTION FOR STAY PENDING APPEAL**

Matthew Ginsburg (DC Bar No. 1001159)
Andrew Lyubarsky* (DC Bar No. 888304116)
AFL-CIO
815 Sixteenth Street, N.W.
Washington, DC 20006
mginsburg@aflcio.org
(202) 637-5397
*application for admission to D.C. Circuit Bar pending

**Counsel for Amici Curiae**

# CORPORATE DISCLOSURE STATEMENT

The American Federation of Labor & Congress of Industrial Organizations ("AFL-CIO"), the Service Employees International Union ("SEIU"), the American Federation of Teachers ("AFT"), the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), the United Food and Commercial Workers International Union ("UFCW"), the International Association of Machinists and Aerospace Workers ("IAM"), the Laborers' International Union of North America ("LIUNA"), UNITE HERE International Union ("UNITE HERE"), National Nurses United ("NNU"), the International Union of Bricklayers and Allied Craftworkers ("BAC"), and the International Union of Electrical Workers—Communications Workers of America ("IUE-CWA") are all not-for-profit labor organizations, state that they have no parent companies, subsidiaries, or affiliates that have issued shares to the public, and no publicly held company has 10% or greater ownership in any of them.

## MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*

The American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") and ten of its affiliated unions, the Service Employees International Union ("SEIU"), the American Federation of Teachers ("AFT"), the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), the United Food and Commercial Workers International Union ("UFCW"), the International Association of Machinists and Aerospace Workers ("IAM"), the Laborers' International Union of North America ("LIUNA"), UNITE HERE International Union ("UNITE HERE"), National Nurses United ("NNU"), the International Union of Bricklayers and Allied Craftworkers ("BAC"), and the International Union of Electrical Workers— Communications Workers of America ("IUE-CWA") (collectively, "Labor *Amici*") through counsel, move this Court to grant leave to file an *amici curiae* brief pursuant to Federal Rule of Appellate Procedure 29 and this Court's local rules, in support of Plaintiffs-Appellees and in opposition to Defendants-Appellants' emergency motion for a stay pending appeal.

Labor *Amici* have conferred with counsel for Plaintiffs-Appellees and Defendants-Appellants. Appellees consent to the proposed filing, and Appellants consented to the filing provided that it is filed before 4:00 P.M. on February 17.

The AFL-CIO is a federation of 64 national and international labor organizations with a total membership of over 15 million working men and women who are employed in every sector of this country. The remaining Labor *Amici* are affiliated unions to the AFL-CIO who represent large numbers of Haitian TPS holders employed in the healthcare, education, food processing, hospitality, construction, manufacturing, and other industries.

The instant case relates to a decision taken by the U.S. Department of Homeland Security ("DHS") to terminate the designation of Haiti for Temporary Protected Status ("TPS") solely on grounds that further extensions would be "contrary to the national interest of the United States." 8 U.S.C. § 1254a(b)(1)(C). This decision, if found to be lawful, would lead to loss of legal immigration status for over 300,000 Haitians nationwide, accompanied with a loss of work authorization for those TPS holders who are in the workforce, many of whom are union members.

This decision will reverberate through the U.S. labor market and will have profound impact on Labor *Amici* and their members. First, Labor *Amici* will suffer a loss of dues-paying members, many of which have proven themselves to be worker-leaders, and be left scrambling to provide legal support to assist such members in determining whether they have alternate bases for lawful status. Second, other members of Labor *Amici* who do not directly lose employment authorization as result of DHS's challenged decision will suffer a deterioration in their terms and conditions of employment, as sector-specific labor shortages are exacerbated and valuable co-workers are compelled to exit the workforce en masse.

Labor *Amici*'s amicus brief is desirable because Plaintiffs-Appellees, a putative class of individuals, are not able to adequately present information about the nationwide workforce impact of Defendants-Appellants' actions, while Labor *Amici* have such information in their possession. The workforce impact, in turn, is relevant to the disposition of Defendants-Appellants' motion for two reasons. First, it is germane to assessing where the public interest lies, which is a key factor that the Court must weigh in determining whether

to issue a stay pending appeal. Secondly, to the extent that the Secretary of Homeland Security based her determination that an extension of Haiti's TPS designation was "contrary to the national interest" in any part on an unexplained assumption that it led to an "adverse effect on U.S. workers," Labor *Amici*'s amicus brief shall demonstrate that such a determination is arbitrary and capricious, in line with the District Court's opinion. Accordingly, the amicus brief will buttress Plaintiffs-Appellees' claims on the merits as well.

Labor *Amici* file this motion and proposed amicus brief on February 17, 2026, one day after the filing of Appellees' opposition. Accordingly, this motion is timely and does not unduly delay the Court's ability to rule on any matters pending before it.

Given the importance of the issues presented in this case, where hundreds of thousands of Haitian TPS holders could be forced to leave the country overnight, this Court has already granted leave for an amicus filing in this case. *See Lesly Miot v. Trump*, No. 26-5050 (Feb. 12, 2026, Order).

For the reasons stated above, Labor *Amici* respectfully request that the Court grant their motion for leave to file a brief amicus curiae. Insofar

5

as the Court did not set any express word limit for the parties' submissions in support of or in opposition to Defendants-Appellees' emergency motion for stay pending appeal, Labor *Amici* request leave to a brief compliant with Fed. R. App. P. 29(a)(5) of "no more than one-half the maximum length authorized by these rules for a party's principal brief," or 7,500 words.

Respectfully submitted,

/s/ Matthew Ginsburg
Matthew Ginsburg (DC Bar No.1001159)
Andrew Lyubarsky* (DC Bar No. 888304116)
AFL-CIO
815 Sixteenth Street, N.W.
Washington, DC 20006
mginsburg@aflcio.org
(202) 637-5397

*application for admission to D.C. Circuit Bar pending*

ATTORNEYS FOR LABOR *AMICI*

Dated: February 17, 2026

6

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), counsel hereby certifies that the foregoing Motion for Leave to File Brief Amicus Curiae contains 914 words, as counted by counsel's word processing system, and thus complies with the 5,200- word limit. See Fed. R. App. P. 27(d)(2)(A).

Further, this document complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure, 32(a)(5) and (a)(6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word using size 14 Century Schoolbook font.

Dated: February 17, 2026

/s/ Matthew Ginsburg

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, I electronically filed the foregoing Motion for Leave to File Brief Amicus Curiae using the appellate CM/ECF system. The participants in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: February 17, 2026

/s/ Matthew Ginsburg