**No. 26-5050**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

FRITZ EMMANUEL LESLY MIOT, *et al.*,
*Appellees*,

v.

DONALD J. TRUMP, *et al.*,
*Appellants*.

On Appeal from the U.S. District Court
for the District of Columbia
No. 1:25-cv-2471 (Reyes, J.)

### APPELLANTS' RENEWED STAY MOTION

JEANINE FERRIS PIRRO
*United States Attorney*

JOHNNY H. WALKER, III
*Assistant United States Attorney*

DHRUMAN Y. SAMPAT
*Assistant United States Attorney*
*601 D Street NW*
*Washington, D.C. 20530*
*(202) 252-2525*

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

SARAH WELCH
*Senior Counsel to the Assistant Attorney General*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 514-3827*

## INTRODUCTION

The Government respectfully requests a stay of the District Court's postponement order pending the Supreme Court's return of the case to this Court, as well as an immediate administrative stay while the Court considers this motion. The Supreme Court has reversed the district court's decision postponing the effective date of the termination of Haiti's TPS designation. *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026). But the district court's decision has now delayed the termination of Haiti's TPS designation for nearly five months. Now that the district court's decision has been reversed, and that postponement has been erroneous all along, the TPS termination should be implemented without delay. Further delays in effectuating the Supreme Court's decision will continue to irreparably harm and unjustly delay the Government's ability to implement its lawful decisions.

## BACKGROUND

On February 2, 2026, the district court entered an order postponing the effective date of the termination of Haiti's TPS designation. *See* 5 U.S.C. § 705; *Miot v. Trump*, 818 F. Supp. 3d 126 (D.D.C. 2026). The district court and this Court denied the Government's motions to stay that decision pending appeal. *Miot v. Trump*, 2026 WL 544434 (D.D.C. Feb. 23, 2026); *Miot v. Trump*, 2026 WL 659420 (D.C. Cir. Mar. 6, 2026).

1

The Supreme Court granted certiorari before judgment and reversed. *See Doe*, 2026 WL 1825840.

## ARGUMENT

The Supreme Court has resolved this appeal by reversing the district court's decision. *Doe*, 2026 WL 1825840. Thirty-two days after issuing that decision, the Supreme Court will send the Clerk a copy of the opinion and a certified copy of the judgment. Sup. Ct. R. 45.3. In the interim, the Court should promptly effectuate the Supreme Court's decision by staying the district court's erroneous postponement order.

A stay is warranted when (1) "the stay applicant has made a strong showing that he is likely to succeed on the merits," (2) "the applicant will be irreparably injured absent a stay," and (3) the public interest and balance of the equities support a stay. *Nken v. Holder*, 556 U.S. 418, 426 (2009).

Application of that standard is straightforward here. As to likelihood of success on the merits—the "most important" consideration, *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014)—the Government is certain to prevail on the merits of this appeal, having already done so. *See Doe*, 2026 WL 1825840, at *13 (reversing the district court). There is no reason to prolong the effect of the district court's now-reversed interim decision. Each day the district court's unlawful decision remains in effect irreversibly blocks the Executive Branch by preventing it from implementing its lawful decision.

2

And the Supreme Court has already concluded—twice—that the Government has suffered irreparable harm from erroneous stays of TPS terminations. *Noem v. Nat'l TPS All.*, 145 S. Ct. 2728 (2025); *Noem v. Nat'l TPS All.*, 146 S. Ct. 23, 24 (2025).

The harm to the Government and the public interest is particularly acute and concrete here because the Secretary determined Haiti's TPS designation "is contrary to the national interest" for numerous reasons. *Termination of the Designation of Haiti for Temporary Protected Status*, 90 Fed. Reg. 54,733, 54,737 (Nov. 28, 2025). Haitian gangs "pose a serious threat to U.S. interests," and Haiti "lacks a functioning central authority capable of maintaining or sharing" critical "law enforcement or security information," which "severely limit[s] the U.S. government's ability to screen and vet Haitians in the United States with Temporary Protected Status." *Id.* That "inability of the previous administration to reliably screen aliens from a country with limited law enforcement infrastructure and widespread gang activity presents a clear and growing threat to U.S. public safety." *Id.* at 54,738. Further, the Secretary found, extending Haiti's TPS designation does not "align with [the government's] foreign policy vision of a secure, sovereign, and self-reliant Haiti," rather than "a country that Haitian citizens

3

continue to leave in large numbers to seek opportunities in the United States." *Id.*

There is no public interest in further perpetuating the district court's error, nor is there an equitable reason to do so. The district court has now erroneously impeded the Executive Branch for nearly five months. The Court should enter a stay to prevent that error from persisting any longer and enter an administrative stay while it considers this motion.

**CONCLUSION**

The Court should promptly stay the district court's erroneous, since-reversed postponement of the effective date of the termination of Haiti's TPS designation, and immediately enter an administrative stay while considering this motion.

Respectfully submitted,

JEANINE FERRIS PIRRO
*United States Attorney*

BRETT A. SHUMATE
*Assistant Attorney General*

JOHNNY H. WALKER, III
*Assistant United States Attorney*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

DHRUMAN Y. SAMPAT
*Assistant United States Attorney*
*601 D Street NW*
*Washington, D.C. 20530*
*(202) 252-2525*

/s/Sarah Welch
SARAH WELCH
*Senior Counsel to the Assistant Attorney General*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 514-3827*

Dated:  July 1, 2026

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(1), I certify that the text of this motion is in double-spaced, proportionally spaced 14-point Georgia type, and the motion is 750 words in compliance with Fed. R. App. P. 27(d)(2)(A).[1]

Dated:  July 1, 2026

/s/Sarah Welch
Attorney for Appellants

---

[1]    The Government does not include a certificate of parties and disclosure statement with this filing because it has previously done so.  *Compare* Gov't Mot. *with* Circuit R. 27(a)(4).

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, counsel for Appellants electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the ACMS system and that service will be accomplished via the ACMS system.

|  |  |
|---|---|
|  | /s/ Sarah Welch |
| Dated:  July 1, 2026 | Attorney for Appellants |