**No. 26-5050**

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

FRITZ EMMANUEL LESLY MIOT, *et al.*,
*Appellees*,

v.

DONALD J. TRUMP, *et al.*,
*Appellants*.

---

On Appeal from the U.S. District Court
for the District of Columbia
No. 1:25-cv-2471 (Reyes, J.)

---

## APPELLANTS' REPLY IN SUPPORT OF RENEWED STAY MOTION

---

JEANINE FERRIS PIRRO
*United States Attorney*

JOHNNY H. WALKER, III
*Assistant United States Attorney*

DHRUMAN Y. SAMPAT
*Assistant United States Attorney*
*601 D Street NW*
*Washington, D.C. 20530*
*(202) 252-2525*

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

SARAH WELCH
*Senior Counsel to the Assistant Attorney General*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 514-3827*

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................... 1

ARGUMENT.............................................................................................. 2

CONCLUSION........................................................................................... 7

CERTIFICATE OF COMPLIANCE................................................................. 9

CERTIFICATE OF SERVICE........................................................................ 10

i

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Belbacha v. Bush,*
   520 F.3d 452 (D.C. Cir. 2008) ....................................................................4

*Chaplaincy of Full Gospel Church v. England,*
   454 F.3d 290 (D.C. Cir. 2006) ....................................................................6

*Forest City Daly Hous., Inc. v. Town of N. Hempstead,*
   175 F.3d 144 (2d Cir. 1999) .......................................................................5

*Huisha-Huisha v. Mayorkas,*
   27 F.4th 718 (D.C. Cir. 2022) ....................................................................5

*INS v. Legalization Assistance Project of Los Angeles Cnty. Fed'n of Lab.,*
   510 U.S. 1301 (1993) .................................................................................7

*Katz v. Georgetown Univ.,*
   246 F.3d 685 (D.C. Cir. 2001) ...................................................................2

*Labrador v. Poe,*
   144 S. Ct. 921 (2024) .............................................................................3, 5

*Miot v. Trump,*
   No. 26-5050, 2026 WL 659420 (Mar. 6, 2026) ......................................3, 5

*Mullin v. Doe,*
   No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026) .......................1, 4, 5

*Nken v. Holder,*
   556 U.S. 418 (2009) ..................................................................................7

*Noem v. Nat'l TPS All.,*
   145 S. Ct. 2728 (2025) ...............................................................................4

*Noem v. NTPSA,*
   146 S. Ct. 23 (2025) ...................................................................................4

*Rakovich v. Wade,*
   834 F.2d 673 (7th Cir. 1987) .....................................................................2

*Reno v. Am.-Arab Anti-Discrim. Comm.,*
  525 U.S. 471 (1999) ................................................................................ 1

*Trump v. Boyle,*
  145 S. Ct. 2653 (2025) ............................................................................ 4

**STATUTES**

8 U.S.C. § 1254a(b)(3)(B) ............................................................................ 6

**RULES**

Fed. R. App. P. 8 ........................................................................................ 2

**OTHER AUTHORITIES**

*Termination of the Designation of Haiti for Temporary Protected Status,*
  90 Fed. Reg. 54,733 ................................................................................ 6

## INTRODUCTION

The Supreme Court already held that the district court erred in granting extraordinary relief when it postponed the termination of Haiti's TPS designation. *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026). The district court's interim-relief order never should have issued.

Plaintiffs cannot and do not dispute these central facts, but they seek to delay anyway. That strategy is nothing new. *See Reno v. Am.-Arab Anti-Discrim. Comm.*, 525 U.S. 471, 490 (1999) ("Postponing justifiable deportation (in the hope that the alien's status will change . . . or simply with the object of extending the alien's unlawful stay) is often the principal object of resistance to a deportation proceeding[.]"). But the Executive Branch's decision to terminate Haiti's Temporary Protected Status ("TPS") designation has been vindicated, and it should be implemented without still more delay. And Plaintiffs' primary excuse for delay—claiming that this Court lacks authority to grant the government's motion—is meritless. This Court retains authority to stay the district court's order, just as a district court retains authority to stay an order after a notice of appeal has been filed.

An erroneous district court order has been in effect for over five months, and every stay factor favors the government. This Court should promptly stay the effect of that legally erroneous order.

## ARGUMENT

As the government explained, every stay factor favors relief from this Court. *See* Mot. at 2-4. The government will unquestionably prevail on the merits, the most important consideration. *See id.* at 2. And the government and the public continue to face irreparable harm as a legally erroneous order remains in effect and bars the Executive Branch from carrying out a lawful determination undertaken pursuant to the TPS statute. *Id.* at 2-3.

Given that, the case for delay is unpersuasive. Plaintiffs' lead argument is jurisdictional: They contend that this Court cannot act on the government's stay motion until the Supreme Court sends down its judgment because that action is necessary to "reinvest the lower court with jurisdiction." Opp. at 5-6. That is incorrect. Just as a district court may stay its own order, even after a notice of appeal divests it of jurisdiction over the merits of the order, this Court may stay the district court's (now-reversed) order while waiting for the Supreme Court's judgment to issue. *See* Fed. R. App. P. 8; *see, e.g.*, *Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987) ("[A] notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment. ... That power is vested in the district court by virtue of its original jurisdiction over the case and continues to reside in the district court until such time as the court of appeals issues its

2

mandate[.]"). Indeed, "[e]very federal court in this country has within its 'traditional' toolkit the power to pause temporarily its own order or one of a lower court or issue other forms of interim relief." *Labrador v. Poe*, 144 S. Ct. 921, 922 (2024) (Gorsuch, J., concurring).

Such a stay would not be an "[e]nd-[r]un [a]round Supreme Court [p]rocedure." Opp at 7-8. Plaintiffs concede that the thirty-two-day period is an administrative default that allows them to seek rehearing if they wish to do so. But Plaintiffs do not claim that they intend to seek rehearing, and the Court's administrative default is not a signal about the propriety of interim relief in this Court. Nor is the Supreme Court's denial of the government's stay application as moot. The government's application sought a stay "pending the resolution of ... any proceedings in [the Supreme] Court." *See* Application to Stay at 35, *Noem v. Doe*, No. 25A952. Once the Supreme Court decided the case, there were no more "proceedings" in the Supreme Court. It would be deeply ironic for the Court to conclude the Supreme Court's two stay decisions in other TPS cases were not sufficiently "express" to bear on whether the Court should grant the government's stay motion, *Miot v. Trump*, No. 26-5050, 2026 WL 659420, at *2 (Mar. 6, 2026), but strain to read some guidance about the application of the stay factors from such administrative intricacies when Plaintiffs ask them to do so.

3

And whether the government could have asked the Supreme Court to expedite its judgment, *see* Opp. at 7-8, is beside the point. The possibility of one avenue for relief does not foreclose resort to another, and requiring a litigant to first seek relief in a *higher* court before turning to a *lower* court would turn ordinary exhaustion principles on their head.

Plaintiffs downplay the harm to the government of remaining subject to an unlawful order, *see* Opp. at 9-12, but they ignore a critical fact: the Supreme Court has twice concluded that the government has suffered irreparable harm from erroneous stays of TPS terminations. *Noem v. Nat'l TPS All. ("NTPSA")*, 145 S. Ct. 2728 (2025); *Noem v. NTPSA*, 146 S. Ct. 23, 24 (2025). Those interim rulings "control[]" and "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). And while a motions panel of this Court previously denied the government's stay request in March and rejected these arguments, the Supreme Court's decision last month changes the landscape. *See Mullin*, 2026 WL 1825840, at *5 (recounting lower courts' universal disregard of prior Supreme Court stays); *Belbacha v. Bush*, 520 F.3d 452, 458 (D.C. Cir. 2008) (recognizing that this Court is not bound by an order denying preliminary relief). That sentiment is in accord with Judge Walker's

4

dissent. *Miot*, 2026 WL 659420, at *6 (Walker, J., dissenting) (*NTPSA* cases were "the legal equivalent of fraternal, if not identical, twins" of this one).

In the face of the government's certainty of success on the merits and irreparable interim harm, Plaintiffs cannot evade the inevitable by pointing to harms they fear. *See* Opp. at 2-3; *Poe*, 144 S. Ct. at 929 (Kavanaugh, J., concurring) ("Courts historically have relied on likelihood of success as a factor because, if the harms and equities are sufficiently weighty on both sides, the best and fairest way to decide whether to temporarily enjoin a law pending the final decision is to evaluate which party is most likely to prevail in the end."); *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 734 (D.C. Cir. 2022) ("the Plaintiffs' likelihood of success on the merits lightens the Executive's stated interests"); *see also Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) ("Whether presumed or not, any irreparable harm plaintiffs might suffer in this case does not warrant a preliminary injunction in the absence of a showing of (at least) a likelihood of success."). TPS is, by statutory design, " 'temporary.' " *Mullin*, 2026 WL 1825840, at *4. Plaintiffs had no entitlement to retain work authorization or protection from removal after the lawful termination of Haiti's TPS designation. They have no legally protectable interest in a windfall of additional time governed by the district court's unlawful stay order. And

plaintiffs remain free to pursue any other immigration relief for which they may be eligible—relief that could include protection from removal and work authorization. *See Chaplaincy of Full Gospel Church v. England*, 454 F.3d 290, 297-98 (D.C. Cir. 2006) (holding that harm is not irreparable if other avenues to obtain relief exist).

Plaintiffs' claim that a change in the status quo will cause "chaos," Opp. at 11 n.4, ignores that the current status quo was produced only by an erroneous district court order issued in the teeth of an explicit judicial review bar. The government can hardly be blamed for any "chaos" that Plaintiffs' lawsuit or the district court's defiance of an express judicial-review prohibition might produce. Their arguments also overlook that Congress set the minimum notice period for effectiveness of a TPS termination, 8 U.S.C. § 1254a(b)(3)(B), and TPS holders have been on notice since November 28, 2025, of the impending termination of Haiti's TPS designation. *See Termination of the Designation of Haiti for Temporary Protected Status*, 90 Fed. Reg. 54,733, 54,737 (Nov. 28, 2025).

Ultimately, the public interest lies in giving prompt effect to a lawful Executive Branch determination now vindicated by the Supreme Court, not in prolonging an order that the Supreme Court has held should never have issued. *See Nken v. Holder*, 556 U.S. 418, 427 (2009) ("The parties and the

6

public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of orders that the legislature has made final."); *INS v. Legalization Assistance Project of Los Angeles Cnty. Fed'n of Lab.*, 510 U.S. 1301, 1305-06 (1993) ("balance of equities" tips in the government's favor where order was "an improper intrusion by a federal court into the workings of a coordinate branch of the Government"). The public interest is likewise served by federal courts conforming their orders to explicit limitations on their authority established by Congress and the Supreme Court.

## CONCLUSION

For the reasons explained above and in the government's motion, the Court should promptly stay the district court's since-reversed order postponing the effective date of the termination of Haiti's TPS designation.

Respectfully submitted,

JEANINE FERRIS PIRRO
*United States Attorney*

BRETT A. SHUMATE
*Assistant Attorney General*

JOHNNY H. WALKER, III
*Assistant United States Attorney*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

DHRUMAN Y. SAMPAT
*Assistant United States Attorney*
*601 D Street NW*
*Washington, D.C. 20530*
*(202) 252-2525*

*/s/ Sarah Welch*
SARAH WELCH
*Senior Counsel to the Assistant*
*Attorney General*

*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 514-3827*

Dated: July 16, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(1), I certify that the text of this motion is in double-spaced, proportionally spaced 14-point Georgia type, and the motion is 1,528 words in compliance with Fed. R. App. P. 27(d)(2)(A).

*/s/    Sarah Welch*
Attorney for Appellants

Dated:  July 16, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, counsel for Appellants electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the ACMS system and that service will be accomplished via the ACMS system.

Dated: July 16, 2026

*/s/   Sarah Welch*
Attorney for Appellants