ORAL ARGUMENT NOT SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| FRITZ EMMANUEL LESLY MIOT, et al.,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants-Appellants, | No. 26-5050<br>Civ A. No. 25-2471 |

## MOTION TO REMAND

In response to the Court's order of June 29, 2026, Defendants-Appellants respectfully move the Court to remand to the district court. The Supreme Court has reversed the decision of the district court that was on appeal and issued its mandate, and no action remains for this Court except to terminate this appeal. An appropriate order to terminate the appeal is an order remanding to the district court in light of the Supreme Court's decision.

## BACKGROUND

Five Haitian nationals filed suit to challenge the Secretary of Homeland Security's decision to terminate the Temporary Protected Status ("TPS") designation for Haiti. In November 2025, then-Secretary Kristi Noem published in the Federal Register the notice announcing that Haiti's TPS designation would be terminated effective February 3, 2026 (the day the extension was to expire). 90 FR 54,733 (Nov. 28, 2025). Based on the

requisite review, the Secretary "determined that there are no extraordinary and temporary conditions" preventing safe return to Haiti. *Id.* at 54,735. The Secretary also concluded that "even if" extraordinary and temporary conditions persisted in Haiti, "termination of [TPS] of Haiti is still required because it is contrary to the national interest of the United States to permit Haitian nationals … to remain temporarily in the United States." *Id.*

On December 5, 2025, Plaintiffs filed an amended class action complaint, alleging that the Termination violates the Administrative Procedure Act and the Constitution's equal protection principles. *See* Am. Compl. (R.74). They also moved to postpone the Secretary's termination decision pursuant to 5 U.S.C. § 705, while the government moved to dismiss the complaint. *See* Defs' Mot. (R.80), Pls' Mot. (R.81), On February 2, 2026, the district court granted Plaintiffs' requested postponement, denied the government's motion, and stayed consideration of Plaintiffs' motion to certify a class. *See* Opin. (R.123) at 83.

The government appealed and requested that the district court stay its order. *See* Not. of Appeal (R.125), Mot. (R.126). The district court denied the government's stay motion. *See* Order (R.135). The government also requested that this Court stay the lower court's order, which was subsequently denied. Following this Court's order, the government sought a

stay from the Supreme Court and also petitioned for a writ of certiorari before judgment.

The Supreme Court granted certiorari before judgment and reversed the district court's order. *See Mullin v. Doe*, 609 U.S. ----, No. 25–1083, 2026 WL 1825840 (U.S. June 25, 2026). The Court held that "the TPS statute's judicial-review bar applies to all non-constitutional claims." 2026 WL 1825840, at *10. It also reversed the district court's order on the equal protection claim, concluding that the cited statements were "insufficient to show that the termination of Haiti's TPS designation was based on the race of the Haitian people." *Id.* at *12. The Court reversed and remanded the case for further proceedings. *Id.* at *13.  On July 27, 2026, the Supreme Court issued a certified copy of its judgment.

## ARGUMENT

This Court should terminate this appeal by remanding to the district court, reflecting that the Supreme Court has conclusively resolved the legality of the only order on appeal and consistent with the Supreme Court's reversal of that order.

The government appealed the district court's order postponing the termination of Haiti's TPS designation. The Supreme Court has now reversed that order. In light of the Supreme Court's judgment, nothing remains for

this Court to resolve. The Court should thus terminate the appeal by entering an order remanding to the district court. *See Learning Res., Inc. v. Trump*, No. 25-5202, 2026 WL 1514346, at *1 (D.C. Cir. Apr. 3, 2026) (remanding with instructions to dismiss, after the Supreme Court granted certiorari before judgment and held that the district court lacked jurisdiction).

## CONCLUSION

The Court should remand this case to district court.

Respectfully submitted,

JEANINE FERRIS PIRRO
*United States Attorney*

JOHNNY H. WALKER, III
*Assistant United States Attorney*

DHRUMAN Y. SAMPAT
*Assistant United States Attorney*
*601 D Street NW*
*Washington, D.C. 20530*
*(202) 252-2525*

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

/s/ Sarah Welch
SARAH WELCH
*Senior Counsel to the Assistant Attorney General*

*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 514-3827*

Dated:  July 29, 2026

## **CERTIFICATE OF COMPLIANCE**

The foregoing complies with Federal Rule of Appellate Procedure 27(d), in that it contains 626 words, is in fourteen-point font, and utilizes Georgia typeface.

/s/ Sarah Welch
SARAH WELCH
*Senior Counsel to the Assistant Attorney General*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, counsel for Appellants electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the ACMS system and that service will be accomplished via the ACMS system.

/s/ Sarah Welch
SARAH WELCH
*Senior Counsel to the Assistant Attorney General*